# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1988

_____

| | | |
|---|---|---|
| Santos Armonda Avelar-Portillo, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service. |
| Immigration and Naturalization | * | |
| Service, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: November 3, 1999
Filed: November 8, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Santos A. Avelar-Portillo petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his deportation proceedings. We affirm.

Avelar-Portillo, a citizen of El Salvador, entered the United States without inspection in February 1992. He filed an application for asylum in June 1996. On September 3, the INS served him with an Order to Show Cause and Notice of Hearing, notifying him to appear for his deportation hearing on October 3. The order included

a Certificate of Service, which bears Avelar-Portillo's signature and thumb print. Avelar-Portillo failed to appear at his deportation hearing, and on October 3, 1996, the immigration judge ordered him deported.

On August 15, 1997, Avelar-Portillo filed a motion to reopen or reconsider his case, alleging that he was eligible for adjustment of status on the basis of his marriage to a U.S. citizen, that he was eligible for asylum, that he had not received notice of his deportation hearing, and that he failed to appear at his hearing because of "exceptional circumstances."

The immigration judge denied the motion to reopen, and Avelar-Portillo appealed to the BIA. The BIA dismissed the appeal, finding that the portion of the motion to reopen based on exceptional circumstances was untimely, and that Avelar-Portillo failed to establish that he did not receive proper notice of the hearing. In addition, the BIA found that Avelar-Portillo failed to comply with the regulatory requirements for filing a motion to reopen for new forms of relief.

We review for abuse of discretion the BIA's refusal to reopen an alien's deportation proceedings. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997). We conclude that the BIA did not abuse its discretion in this case. Avelar-Portillo's motion to reopen based on exceptional circumstances was time-barred, as it was filed more than ten months after the order of deportation. See 8 U.S.C. § 1229a(b)(5)(C)(i) (such motion must be filed within 180 days after date of order of deportation). As for the alleged failure to receive notice, we note the Certificate of Service indicating that Avelar-Portillo in fact received personal notice of the hearing. See Giday v. INS, 113 F.3d 230, 233 (D.C. Cir. 1997) (burden on alien to demonstrate he did not receive notice; regulations require that alien file affidavits or other evidence). To the extent Avelar-Portillo sought adjustment of status based on his marriage, the request was time-barred. See 8 C.F.R. § 3.23(b) (motion

to reopen for new forms of relief must be filed within 90 days of entry of order of deportation).

Accordingly, we affirm the decision of the BIA.

A true copy.

     Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.